## THE BROWN FENCE & WIRE COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101481.  Promulgated February 18, 1942.

*Sydney A. Davies, Esq.*, and *V. J. Moore, C. P. A.*, for the petitioner.

*Walter W. Kerr, Esq.*, for the respondent.

#### OPINION.

SMITH: This proceeding is for the redetermination of a deficiency in income tax in the amount of $2,033.41 for the fiscal year ended June 30, 1937. Two issues are presented for our consideration: (1) Whether expenditures incurred in connection with the issuance of stock are deductible when that stock is called in and new stock issued in its place, and (2) whether stock transfer tax upon a transfer which occurred in an earlier year accrued in 1937, the year in which litigation with respect to such tax terminated.

The petitioner is a Delaware corporation, with its principal office and place of business in Cleveland, Ohio. Petitioner has always kept its books and filed its returns in accordance with the accrual method of accounting. Its return for 1937 was filed with the collector of internal revenue for the eighteenth district of Ohio.

In March 1935 the stock certificates which petitioner had issued at the time of its incorporation were retired by the issuance of new certificates of stock having no par value. It incurred expenses in connection with the issuance of the new certificates in the total amount of $5,465, representing the cost of stock certificates, attorneys' fees, and stock transfer agents' fees. These were capital expenditures and accordingly were not deducted in petitioner's return for the fiscal year ended June 30, 1935. During the taxable year the stated value of petitioner's class B stock was changed from $1 to $2 per share

by a charge to surplus of $139,882. The class B stock of no par value was then changed to $1 par value and two shares of the new stock were issued for each share of the old.

In changing the par value and stated value of its stock and listing the new stock on exchanges in 1937 petitioner incurred expenses of $8,415.31 which it deducted on its return for the taxable year. Respondent disallowed the deduction on the ground that the costs of changing capital structure were capital expenditures. Petitioner now concedes that respondent's action was correct but claims that it is entitled to deduct for the taxable year 1937 the $5,465 expended in 1935 on the theory that that amount represents the cost of a capital asset which was abandoned during the taxable year. It contends that, since the stock certificates issued in 1935 were called in during the taxable year and other stock certificates substituted therefor, the old stock certificates were abandoned, and accordingly that the petitioner is entitled to the deduction claimed.

In *Malta Temple Association*, 16 B. T. A. 409, it was held that the cost of acquiring a corporate franchise was deductible in the year in which the corporation dissolved because in that year the franchise, which constituted a capital asset, was abandoned. That case is the sole authority relied upon by the petitioner to sustain its claim to the deduction of the cost of stock certificates, attorneys' fees, and transfer agents' fees, but it is not in point in this proceeding for the reason that the petitioner here did not abandon any capital asset. Even complete loss of separate identity through merger does not entitle a corporation to deduct organization expenses as a loss when the corporation carries into the surviving company all of its "rights, powers, liabilities, and assets." *Citizens Trust Co.*, 20 B. T. A. 392. In the instant case the petitioner simply effected a change in the par value of its common stock, issuing new certificates to evidence the change. It is clearly not entitled to deduct at this time the amount previously expended in connection with the issuance of the old stock. *Motion Pictures Capital Corporation*, 32 B. T. A. 339; affd., 80 Fed. (2d) 872; *James I. Van Keuren*, 28 B. T. A. 480; *Pacific Coast Biscuit Co.*, 32 B. T. A. 39.

The second issue presented for our consideration is whether petitioner is entitled to a deduction in the taxable year for stock transfer tax which it claims accrued during the taxable year. The petitioner acquired the assets of the Brown Fence & Wire Co., an Ohio corporation, under a contract whereby, in consideration for the assets of the Ohio corporation, it issued its stock directly to the stockholders of the Ohio company. Revenue stamps on the issuance of this stock were duly purchased and canceled. On June 15, 1932, the Commissioner proposed to assess against the petitioner a transfer tax in the amount of $5,100 on the transfer by the Ohio corporation to its stockholders

of the right to receive the petitioner's stock. Petitioner disputed its liability to pay the tax. A suit was then brought by the Commissioner against the petitioner for the tax. Decision was adverse to the petitioner and was affirmed on appeal to the United States Circuit Court of Appeals in a decision rendered during the taxable year 1937. The petitioner contends that liability for the tax in question accrued in 1937, and accordingly is deductible for that year.

It is not clear on the facts that petitioner was liable to pay the transfer tax *qua* tax. The court in *United States* v. *Brown Fence & Wire Co.*, 9 Fed. Supp. 1008; affd., 88 Fed. (2d) 1005, held that this petitioner was liable to pay the transfer tax here in question because it had assumed all the liabilities of its predecessor. If this was the only basis for its liability it may not deduct for the accrual of the tax at any time; for the payment of the liability was a part of the cost of the assets acquired. Even if the liability to pay was a tax liability imposed by statute upon this petitioner, it can not prevail here. The tax accrued in the year for which the tax was imposed. Cf. *Rawlings Manufacturing Co.*, 44 B. T. A. 161; *Floyd, Inc.*, 43 B. T. A. 101. It accrued in the year in which the transfer was effected, for in that year all the events upon which the tax is predicated occurred, and the amount of the tax liability was definitely fixed by statute. *United States* v. *Anderson*, 269 U. S. 422; *Dougherty's Sons, Inc.* v. *Commissioner*, 121 Fed. (2d) 700; *Commissioner* v. *Central United National Bank*, 99 Fed. (2d) 568; *Continental Baking Corporation*, 30 B. T. A. 354; affd., 77 Fed. (2d) 119.

*Decision will be entered for the respondent.*